743 A.2d 448

**MARTIN MEDIA, a California Partnership, Appellee**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 13, 1999.

Decided Jan. 19, 2000.

Michael J. Creighton, for Dept of Transporation.

Samuel P. Kamin, for Martin Media.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR, JJ.

### OPINION OF THE COURT

CASTILLE, Justice.

The Pennsylvania Department of Transportation ("Penn-DOT") appeals from the decision of the Commonwealth Court holding that appellee, Martin Media, had a condemnee's interest in the property that is the subject of this matter and was, therefore, entitled to compensation from PennDOT under the Eminent Domain Code[1]. Because this Court finds that Martin Media did not have a cognizable ownership interest in the property and because it waived its right to seek damages by failing to file preliminary objections to PennDOT's declaration of taking, we reverse the Commonwealth Court's ruling.

1. 26 P.S. §§ 1–101 et seq.

From August 1, 1959 through February 3, 1979, Pittsburgh Outdoor Advertising (POA) leased the subject property from the City of Pittsburgh, the School District of Pittsburgh and Allegheny County for the purpose of maintaining an advertising billboard on the property. By deeds recorded in December of 1975 and February of 1976, the City of Pittsburgh, the School District of Pittsburgh and Allegheny County conveyed the subject property to the Port Authority, making the Port Authority the record owner of the property. On February 3, 1979, the City of Pittsburgh, the School District of Pittsburgh and Allegheny County purported to convey the same property by quit claim deed to POA. POA then entered into a fifty-year lease with Martin Media to lease the subject property from January 1, 1979 through December 31, 2028.

On November 21, 1995, PennDOT filed a declaration of taking against the Port Authority, the record owner of the property. PennDOT surveyed the property and found that Martin Media's billboard was encroaching on the property. Therefore, PennDOT served the declaration of taking on the Port Authority as condemnee and on Martin Media as "other," stating that an "[a]dvertising device is encroaching on Port Authority property" and that demolition of the billboard was required. Martin Media did not file preliminary objections to the declaration of taking. Rather, in April of 1996, PennDOT and Martin Media entered into a consent order that provided that PennDOT would take possession of the property on May 5, 1996, and would provide Martin Media with a letter offering its estimate of just compensation in the amount of zero for Martin Media's interest in the property, thereby allowing Martin Media to file a petition for appointment of viewers pursuant to 26 P.S. § 1–502(e) of the Eminent Domain Code. The consent order specifically provided that PennDOT reserved its rights to assert any claims or defenses against Martin Media in the ensuing litigation.

On June 25, 1996, Martin Media filed a petition for appointment of viewers claiming a *de facto* taking of its billboard and seeking damages for destruction of the billboard. The trial court appointed a board of viewers to determine damages, and

PennDOT filed preliminary objections. On January 7, 1997, the trial court overruled PennDOT's preliminary objections, holding that Martin Media had a cognizable property interest as a leaseholder arising out of its lease with POA, that Martin Media was in full compliance with the lease provisions and that Martin Media was a "displaced person" under 26 P.S. § 1–201(8).[2] The Commonwealth Court affirmed on August 17, 1998.

This Court must now determine whether Martin Media has a property interest in the subject property such that it is a displaced person entitled to just compensation and whether Martin Media waived its rights to seek damages by failing to file preliminary objections to PennDOT's declaration of taking.

■ "Condemnee" is defined in the Eminent Domain Code, 26 P.S. § 1–201(2), as "the owner of a property interest taken, injured or destroyed." Construing the Eminent Domain Code, this Court has held that "[t]he law is clear that the only person entitled to recover damages for a condemnation in eminent domain proceedings is the person who was the owner at the time of the taking." *Rednor & Kline, Inc., v. Department of Highways*, 413 Pa. 119, 121, 196 A.2d 355, 356 (1964). There is no dispute between the parties that neither Martin Media nor POA was the lawful owner of the property at the time of PennDOT's declaration of taking. It is also undisputed that Martin Media had no relationship with the Port Authority, which was the lawful owner of the property. Martin Media's sole "interest" in the property was a lease agreement with a party who did not own the property. Thus, the only conclusion that can be drawn is that Martin Media had no legally cognizable interest in the property and is, therefore, not a condemnee under the plain language of the Eminent Domain Code. Because Martin Media does not fall within the definition of condemnee, it is not entitled to be compensated as a result of PennDOT's taking of the property.

2. A displaced person is defined in 26 P.S. § 1–201(8) as "[a]ny condemnee or other person who moves from real property or moves his personal property from real property" as a result of a notice of intent to acquire the real property.

■ The trial court incorrectly determined that Martin Media is a displaced person under 26 P.S. § 1–201(8). To be a displaced person, Martin Media must have moved from the real property due to PennDOT's notice of its intent to acquire the property. Martin Media had no relationship with the owner of the property and, as a result, had no right to maintain a billboard on the property in the first instance. A party who has no legal right to use a property cannot logically be considered a displaced person when the property is taken pursuant to eminent domain powers. Therefore, we find that Martin Media fails to meet the definition of a displaced person under the Eminent Domain Code.

■ Notwithstanding the above, Martin Media has waived its right to assert a *de facto* taking by failing to file preliminary objections to PennDOT's declaration of taking. Section 406 of the Eminent Domain Code provides:

(a) Within thirty days after being served with notice of condemnation, the condemnee may file preliminary objections to the declaration of taking. The court upon cause shown may extend the time for filing preliminary objections. Preliminary objections shall be limited to and shall be the exclusive method of challenging (1) the power or right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated; (2) the sufficiency of the security; (3) any other procedure followed by the condemnor; or (4) the declaration of taking. Failure to raise these matters by preliminary objections shall constitute a waiver thereof.

26 P.S. § 1–406.

The Commonwealth Court has held that the nature of a property interest, if any, that a party possesses is properly raised by preliminary objections to the declaration of taking and that the failure to do so constitutes a waiver of the issue of an interest. *Bernstein Appeal*, 112 Pa. Commw. 368, 376, 535 A.2d 1210, 1214 (1988). The nature of Martin Media's interest in the property relates to the right of PennDOT to appropriate the property and, therefore, must be raised by

preliminary objections pursuant to section 406. Martin Media failed to file preliminary objections seeking to establish its interest in the property and PennDOT's right to take the property. Therefore, Martin Media waived the right to assert a *de facto* taking by PennDOT.

The decision of the Commonwealth Court is reversed.

Justices NIGRO and SAYLOR concur in the result.