# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Eberhard IV, Joan Eberhard, :
Cecilia Eberhard, Susan Eberhard :
and John Eberhard V :
:
        v. : No. 732 C.D. 2023
: Submitted: November 7, 2024
:
Upper Dublin Township :
:
Appeal of: John Eberhard IV :

BEFORE:     **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                    **HONORABLE LORI A. DUMAS,** Judge
                    **HONORABLE BONNIE BRIGANCE LEADBETTER,** Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**           **FILED: December 20, 2024**

John Eberhard IV (Eberhard), proceeding pro se, appeals from the June 8, 2023 Order of the Court of Common Pleas of Montgomery County (common pleas) that denied Eberhard's "Post verdict appeal for relief," which common pleas treated as a Motion for Reconsideration (Motion) (June Order). That Motion was filed in response to common pleas' May 9, 2023 Order (May Order) that sustained in part and overruled in part the preliminary objections (POs) filed by Upper Dublin Township (Township) to the Petition for an Appointment of a Board of Viewers (Petition) filed by Eberhard and other members of his family[1] that had asserted a de facto claim against the Township. Common pleas concluded that, except for a

---

[1] Joan Eberhard, Cecilia Eberhard, Susan Eberhard, and John Eberhard V also filed the Petition, but they did not join in this appeal, making them appellees under Pennsylvania Rule of Appellate Procedure 908, Pa.R.A.P. 908. By Order dated June 7, 2024, they were precluded from filing briefs or participating in oral argument, if such argument was scheduled.

few limited occasions described below, the Township did not effectuate a de facto taking in this matter. Upon review, we quash Eberhard's appeal because the only order from which the appeal is timely filed is the June Order denying reconsideration, which is not subject to appellate review under settled precedent.

On August 8, 2011, Eberhard and his family filed the Petition averring that they owned a parcel of land located at 1624 Butler Pike in Upper Dublin Township (Property), along with an interest in a driveway that provided access from Butler Pike, the public road, to their parcel of land (Driveway). This parcel of land is a flag property, with the Driveway as a pole and a lot at the end on which a residence was located, which had been rented in the past, as the flag. As to the Driveway, Eberhard (along with the others in his family) owned half of the Driveway subject to an easement for the neighboring properties' use, and those neighboring properties owned the other half of the Driveway, subject to an easement for the use by the Property. The Petition averred that, in 2008, the Township acquired the neighboring properties from a land developer (Developer) following a resolution approving the condemnation thereof to use as the "Rose Valley Preserve," a public park. Prior to the Township's acquisition, the Petition claimed, Eberhard and the Developer had been negotiating Developer's purchase of the Eberhard interest in the Driveway to aid access to a residential development. The Petition maintained that the Township had effectuated a de facto taking of both the Property and the half interest in the Driveway and sought appointment of a Board of Viewers to ascertain the damages sustained by the taking.

The Township filed the POs to the Petition on September 7, 2011, denying that any de facto taking had occurred. Eberhard filed a response with new matter, and the Township filed a reply to the new matter. After briefing and oral argument,

2

common pleas sustained the POs as to the Property, but overruled them as to the Driveway, ordering discovery on that claim, after which an evidentiary hearing would be held. For some reason, no evidentiary hearing was held until April 3, 2023, before a different judge.

At the hearing, Eberhard presented evidence regarding the history of the Property and Driveway and why he believed a de facto taking occurred, which related to the public's use of the Driveway to reach trails or the Rose Valley Preserve, the removal of a No Trespassing sign from the Driveway and placement of a Visitors Welcome sign, the Township's use of the Driveway for its vehicles to maintain the Rose Valley Preserve, and a run on two occasions when numerous individuals used the Driveway and prevented entrance to the Property. (Reproduced Record (R.R.) at 105a-06a, 108a-13a, 115a.) He also described his negotiations with Developer about the purchase of the half interest in the Driveway, which was to be incorporated in Developer's land development plan, as a basis for determining the highest and best use of the Driveway. (*Id.* at 89a-102a.)

The Township presented the Director of its Parks and Recreation Department, who explained that Rose Valley Preserve was "a passive open space site" with minimal activity (such as wood chipped walking trails), that the public's use of the Driveway for vehicles was "few and far between," that there had never been complaints about access to the Driveway being blocked, and that the Township's vehicles were present only when maintenance was required about once or twice a week. (*Id.* at 160a-63a, 176a-77a, 186a, 190a.) Director acknowledged that the Township held a run twice, the "Parks to Pavement 4 Miler," in 2012 and 2013, that included the trails in the Rose Valley Preserve and part of the Driveway to access the trails. (*Id.* at 187a-89a.)

3

After that hearing, common pleas relevantly found that when the Township purchased the neighboring properties from Developer by deeds in lieu of condemnation, it "succeeded to ownership of the inbound half of the Driveway and the access easement on the outbound half (i.e., [Eberhard and his family's] half) of the Driveway." (Common pleas' May 9, 2023 Memorandum and Order (May Opinion), Finding of Fact (FOF) ¶ 9.) The Township intended the Rose Valley Preserve to be a public park consisting primarily of open space. (*Id.* ¶ 11.) Although "[m]embers of the public who visit the park frequently use the Driveway, including the half owned by [Eberhard and his family], for ingress and egress to and from different areas in the park[,]" that "use . . . does not meaningfully interfere with use of the Driveway by [Eberhard and his family] (or their tenants or guests) for ingress and egress to and from [the Property,] with one limited exception," the "Parks to Pavement 4 Miler." (*Id.* ¶¶ 12-13.) During those events, sufficient numbers of people congregated in the Driveway in sufficient numbers to impede the use of the Driveway to access the Property. (*Id.* ¶ 13.) The Township no longer holds that event. (*Id.* ¶ 14.) Based on these findings, common pleas held that no de facto taking occurred because the Township did not do anything that substantially deprived Eberhard and his family from the beneficial use and enjoyment of the Driveway, except for the "Parks to Pavement 4 Miler." (May Opinion, Conclusions of Law (COL) ¶¶ 1, 4-5.) Common pleas concluded that Eberhard's "opportunity . . . to sell an interest in the Driveway" to Developer "was not a real property interest and could not be subject of a de facto taking by the Township." (*Id.* ¶ 7.) Accordingly, common pleas directed the appointment of a Board of Viewers to determine the value of the interest taken during the "Parks to Pavement 4 Miler." (*Id.* ¶ 6.)

4

Eberhard did not file an appeal directly from the May Order. Rather, on May 19, 2023, Eberhard filed a "Post verdict appeal for relief," the Motion, wherein he set forth reasons for why he believed common pleas erred or abused its discretion and should modify or change its decisions.[2] Those arguments focused primarily on the potential sale of the half interest in the Driveway to Developer, reflecting the alleged highest and best use of the Driveway, and common pleas' failure to address that evidence in finding that no de facto taking occurred. On June 8, 2023,[3] common pleas issued an order stating "upon consideration of [Eberhard's] 'Post verdict appeal for relief,' it is hereby ORDERED the requested relief is DENIED." (June 8, 2023 Order.)

On July 5, 2023, Eberhard filed an appeal, indicating he was appealing the June Order, and attaching both that and the May Order. Common pleas ordered Eberhard to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b) (1925(b) Statement). Eberhard filed a 20-page 1925(b) Statement outlining the reasons he believed common pleas had erred or abused its discretion.

Common pleas issued a responsive opinion under Pa.R.A.P. 1925(a), reiterating its holding that no de facto taking occurred because the Township had the right to allow its visitors to use the Driveway, including the easement it acquired, and there was no deprivation of the beneficial use and enjoyment of the Driveway (other than the temporary interference by the "Parks to Pavement 4 Miler"). (Common pleas 1925(a) Opinion (1925(a) Op.) at 11-13 (citing, e.g., *Stozenski v. Borough of Forty Foot*, 317 A.2d 602 (Pa. 1974); *In Re Mountaintop Area Joint*

---

[2] The "Post verdict appeal for relief" is Exhibit B attached to Eberhard's Brief.

[3] As June 8, 2023, was within 30 days of the May 9 Order, common pleas still had jurisdiction to issue this order per Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505.

5

*Sanitary Auth.*, 166 A.3d 553 (Pa. Cmwlth. 2017)).)  Common pleas further concluded that the highest and best use doctrine did not apply to residential properties, and, therefore, there was no error in finding that there was no taking of any interest relating to the potential sale of the half interest in the Driveway to Developer.  (*Id.* at 8-10 (citing, e.g., *Genter v. Blair Cnty. Convention & Sports Facilities Auth.*, 805 A.2d 51, 56 (Pa. Cmwlth. 2002); *Dep't of Transp. v. Kemp*, 515 A.2d 68 (Pa. Cmwlth. 1986), *aff'd mem. sub nom.*, *Dep't of Transp. v. Smoluk*, 535 A.2d 1051 (Pa. 1988)).)  It also reiterated its finding that there was no real property interest in the opportunity to sell that half interest that would be subject to a de facto taking.  (*Id.* at 6.)

Additionally, common pleas highlighted potential jurisdictional issues for this Court on appeal, including that Eberhard's July 5, 2023 appeal was not a timely appeal of the May Order.  Common pleas posited that Eberhard filed the Motion perhaps intending it to be a post-trial motion, but Pennsylvania Rule of Civil Procedure 227.1, Pa.R.Civ.P. 227.1, "neither requires nor authorizes the filing of a motion for post-trial relief from an order overruling or sustaining preliminary objections to a petition for appointment of viewers." (1925(a) Op. at 7 n.4.)  Rather, the 30-day appeal period began to run for the order disposing of the preliminary objections.  (*Id.* (citing *Steen v. Pa. Tpk. Comm'n*, 3 A.3d 747, 750 (Pa. Cmwlth. 2010)).)  It noted that its June Order "did not provide any rationale," and that the court had "considered the [Motion] to be an improper motion for post-trial relief," "construed the filing as a motion for reconsideration, and [] denied relief under the standard applicable to such a motion." (*Id.*)  Nonetheless, common pleas questioned whether its June Order was sufficient to be considered its "'entertain[ing] and

6

rul[ing] upon' the unnecessary post-trial motion" so that the 30-day appeal period began to run for the May Order on June 8, 2023. (*Id.* (quoting *Steen*, 3 A.3d at 750).)

Thereafter, this Court ordered the parties to address the timeliness of the appeal in their briefs on the merits of Eberhard's appeal. Both Eberhard and Township complied, and we begin with their arguments as to the timeliness issue.

Eberhard argues that post-trial motions were required under Pa.R.Civ.P. 227.1 and *Motorists Mutual Insurance v. Pinkerton*, 830 A.2d 958, 964 (Pa. 2003), because there was a trial and evidence was taken. He further asserts his appeal was timely under *Steen*. The Township argues that the appeal is untimely under Pennsylvania Rule of Appellate Procedure 903(a), Pa.R.A.P. 903(a), because post-trial motions are not permitted in these matters under Pa.R.Civ.P. 227.1, and *Steen* is distinguishable because common pleas here considered Eberhard's Motion as a motion for reconsideration, not a post-trial motion. It maintains that what Eberhard filed was a motion for reconsideration, which does not toll the 30-day time period, unless granted within the 30 days. *See Silver, Lovitz & Atkinson v. Scaltrito*, 361 A.2d 705 (Pa. Super. 1976).[4]

"The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act." *Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014) (citations omitted). "Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal." *Id.* (citations omitted). Pa.R.A.P. 903(a) provides: "Except as otherwise prescribed by this [R]ule, the notice of appeal . . . shall be filed within 30 days after the entry of the

---

[4] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018) (citation omitted).

order from which the appeal is taken." "A party's filing of a motion for reconsideration . . . does not stay the appeal period; the appeal period is only tolled where the trial court 'expressly grants' the request for reconsideration." *Oak Tree Condo. Ass'n v. Greene*, 133 A.3d 113, 116 (Pa. Cmwlth. 2016) (citations omitted). "However, where a trial court **entertains and rules upon a post-trial motion**, . . . the appeal period runs from the date of the order disposing of the motion." *Steen*, 3 A.3d at 750 (emphasis added) (citations omitted).

There is no dispute that Eberhard's appeal to this Court, filed on July 5, 2023, was not timely filed in relation to the May Order on the merits. While common pleas posited, in its 1925(a) opinion, that Eberhard's appeal could be perhaps timely under *Steen* **if** the Motion was treated as a post-trial motion that had been considered and resolved on its merits, this position is **contrary** to common pleas' actions. Correctly recognizing that Rule 227.1 neither requires nor authorizes post-trial motions from orders sustaining or overruling preliminary objections in eminent domain matters,[5] common pleas explained that it "construed the [Motion] as a motion for **reconsideration**, and it denied relief **under the standard applicable to such motion**."[6] (1925(a) Op. at 7 n.4 (emphasis added).) Thus, common pleas did not invite the filing of a post-trial motion, and it did not entertain the Motion as a post-

---

[5] Under Pa.R.Civ.P. 227.1, post-trial motions are not to be filed from orders resolving preliminary objections. Pa.R.Civ.P. 227.1, *Comment*. In eminent domain matters, Pa.R.Civ.P. 227.1(h) requires the filing of post-trial motions "following a trial upon an appeal from the decision of viewers pursuant to the Eminent Domain Code[, 26 Pa.C.S. §§ 101-1106]." Pa.R.Civ.P. 227.1(h). Moreover, we have held that an order sustaining preliminary objections in an eminent domain case **is a final and appealable order**, *Gerg v. Township of Fox*, 107 A.3d 849, 852 n.4 (Pa. Cmwlth. 2015), and an order overruling such preliminary objections is **immediately appealable** as of right under Pennsylvania Rule of Appellate Procedure 311(e), Pa.R.A.P. 311(e).

[6] This is consistent with the treatment suggested by legal commentators, which state: "Generally, the improper filing of exceptions or a post-trial motion to an order that is immediately appealable will be treated as a motion for reconsideration, which does not stay the appeal period." G. Ronald Darlington et al., 20 West's Pa. Practice, Appellate Practice § 320.28 (2023).

8

trial motion, the merits of which it considered and resolved; rather, it treated the Motion as a motion for reconsideration. This conclusion is consistent with our decision in *Chaney v. Fairmount Park Real Estate Corporation*, 155 A.3d 648, 656-57 (Pa. Cmwlth. 2016), wherein a trial court's dismissal of an improperly filed post-trial motion, without ordering briefing or argument, or addressing the motion's merits, as occurred in this matter,[7] did not invite or rule upon the post-trial motion so as to extend the appeal period, but treated it as a motion for reconsideration. Accordingly, Eberhard's July 5, 2023 appeal cannot be considered timely as to the May Order.

This leaves common pleas' June Order. Although Eberhard's appeal was filed within 30 days of that order, it is well settled that "Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider . . . a final decree is not reviewable on appeal." *Thorn v. Newman*, 538 A.2d 105, 108 (Pa. Cmwlth. 1988) (citations omitted).[8] We have consistently applied this standard. *See, e.g.*, *Fullman v. Bureau of Admin. Adj.* (Pa. Cmwlth., No. 765 C.D. 2021, filed Oct. 18, 2022), slip op. at 3;[9] *Kohr v. Lower Windsor Twp. Bd. of Supervisors*, 910 A.2d 152, 161 n.16 (Pa. Cmwlth. 2006); *City of Philadelphia v. Frempong*, 865 A.2d 314, 318-19 (Pa. Cmwlth. 2005); *Commonwealth v. Rachau*, 670 A.2d 731, 734 n.8 (Pa. Cmwlth. 1996). Therefore, while Eberhard's appeal from the June Order was timely, it seeks

---

[7] A review of the docket in this matter reflects that after Eberhard filed the Motion, common pleas issued no briefing or argument order but filed the June Order denying the Motion.

[8] This doctrine is distinguishable from denials of reconsideration by administrative agencies, which are subject to appellate review to determine if the agency abused its discretion in granting or denying reconsideration. *See K.G. v. Dep't of Hum. Servs.*, 187 A.3d 276, 279 (Pa. Cmwlth. 2018) ("An agency's decision to grant or deny a request for reconsideration is a matter of discretion and will be reversed only where that discretion is abused.").

[9] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

judicial review of an order not subject to review. *Fullman*, slip op. at 3; *Kohr*, 910 A.2d at 161-62; *Frempong*, 865 A.2d 318-19; *Rachau*, 670 A.2d 734 n.8; *Thorn*, 538 A.2d at 108.

Accordingly, Eberhard's appeal from the June Order is quashed.[10]

_____

**RENÉE COHN JUBELIRER**, President Judge

_____

[10] Even if the Court was to consider the merits of Eberhard's appeal, we would affirm. Common pleas found that the Township's action did not constitute a de facto taking because, other than the few days on which the "Parks to Pavement 4-Miler" event was held, there was no deprivation of the beneficial use or enjoyment at issue and there was no other real property interest at issue beyond the access to the residential use. (COL ¶¶ 4-5, 7; 1925(a) Op. at 8-13.) We discern no error in those conclusions. A de facto condemnation occurs "when an entity clothed with the power of eminent domain **substantially** deprives an owner of the beneficial use and enjoyment of his property," *In re De Facto Condemnation and Taking of Lands of WBF Associates, L.P. ex rel. Lehigh-Northampton Airport Authority*, 903 A.2d 1192, 1199 (Pa. 2006) (emphasis added) (citation omitted), and common pleas' finding that there was no **substantial** deprivation of the beneficial use and enjoyment here is supported by substantial evidence. Additionally, the party seeking condemnation must establish that a legally cognizable property interest was taken. *Martin Media v. Dep't of Transp.*, 743 A.2d 448, 450 (Pa. 2000) (holding that a party that does not have a legally cognizable property interest is not a condemnee); *Neckrilov v. City of Jersey City*, 45 F.4th 662, 669 (3d Cir. 2022) (stating that a threshold issue "in any takings case is whether the plaintiff has asserted a legally cognizable property interest" and absent such interest there is "no cognizable takings claim"). Here, the interest Eberhard claims was taken was his alleged **opportunity** to sell the half interest in the Driveway, but he does not explain how this particular interest is a cognizable property interest. Further, he must also show that the damages sustained were the immediate, necessary, and unavoidable **consequences of the exercise of the eminent domain power**, *Genter*, 805 A.2d at 56, and while Eberhard claims the damages related to the lost sale were the result of the Township's actions, Eberhard's own testimony and the agreement between Developer and the Township reflect that Developer was to continue to negotiate with Eberhard and assign any rights acquired from that negotiation to the Township. (R.R. at 114a; Original Record, Trial Exhibits at 77-79.) Finally, common pleas questioned whether the doctrine of highest and best use applied in situations where the interest taken is related to a residential use and the residential use was maintained as compared to de facto condemnations involving commercial properties. As observed by common pleas, this Court has either not used or questioned the applicability of that doctrine in residential cases in, respectively, *Genter*, 805 A.2d at 57-58, and *Kemp*, 515 A.2d at 72-73.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| John Eberhard IV, Joan Eberhard, Cecilia Eberhard, Susan Eberhard and John Eberhard V | : <br> : <br> : <br> : |
| v. | :    No. 732 C.D. 2023 <br> : |
| Upper Dublin Township | : <br> : |
| Appeal of: John Eberhard IV | : |

# **O R D E R**

**NOW**, December 20, 2024, the appeal of John Eberhard IV from the June 8, 2023 Order of the Court of Common Pleas of Montgomery County is hereby **QUASHED**.

_____

**RENÉE COHN JUBELIRER,** President Judge